GOLDSTEIN, APPELLANT, *v.* SPITZ ET AL., APPELLEES.

(No. C-850329 — Decided March 19, 1986.)

*William C. Knapp,* for appellant Leila Goldstein.

*Porter, Wright, Morris & Arthur*

and *Robert P. Thomas,* for appellees Morton Spitz, John A. Doe and 2444 Madison Road Partnership.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Municipal Court.

Appellant was a tenant in an apartment building owned by appellees. At the commencement of her tenancy, appellant paid appellees' predecessor in interest a security deposit in the amount of $668. Appellant terminated her tenancy on May 31, 1984, having previously given appellees ninety days' notice pursuant to the terms of the lease. In addition, appellant gave appellees written notice of her new address. Appellant received her security deposit July 5, 1984, more than thirty days after the termination of her tenancy. The envelope containing appellant's security deposit was stamped by a postage meter on June 30, 1984; however, it was postmarked on July 3, 1984.

Appellant filed a complaint in the Hamilton County Municipal Court alleging that appellees had failed to return her security deposit within thirty days as required by R.C. 5321.16(B).[1] All parties filed motions for summary judgment. Attached to appellees' motion for summary judgment was the affidavit of J. R. Steelman, the manager of the apartment building, which stated that the security deposit was mailed to appellant on June 30, 1984. The affidavit further stated that it was Steelman's regular and customary practice to return the security deposit on the thirtieth day following the termination of a tenant's rental agreement.

Appellant submitted the affidavit of Thomas Houser, the manager of the Hyde Park Branch of the Cincinnati Office of the United States Postal Service. Houser's affidavit stated that Houser is responsible for the pickup from and delivery to appellees' apartment building. The affidavit stated that pursuant to normal procedure a letter deposited in the mailroom of appellees' apartment building on Saturday, June 30, 1984 prior to 1:00 p.m. would have been postmarked on that date. A letter deposited after 1:00 p.m. on June 30 would have been postmarked on Monday, July 2, 1984. Further, the affidavit stated that a letter postmarked July 3, 1984 would, to a reasonable degree of certainty, have been deposited in the mailroom of appellees' apartment building at some time later than 1:00 p.m. on July 2, 1984. In addition, the affidavit stated that the Hyde Park Post Office had a continuing problem with users of postage meters depositing mail at dates later than those indicated on the postage meter stamps.

The trial court granted appellees' motion for summary judgment. Appellant timely appealed.

Appellant's sole assignment of error alleges:

"The trial court erred to the preju-

---

[1] R.C. 5321.16(B) provides:

"Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together-er with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section."

dice of plaintiff-appellant in granting the motion for summary judgment of defendants-appellees and denying plaintiff-appellant's motion for summary judgment."

Appellant first argues that the words "delivered to the tenant" as used in R.C. 5321.16(B) require that the tenant actually receive the security deposit within the thirty days. Appellees argue that the landlord complies with the provisions of R.C. 5321.16(B) when the landlord, within thirty days of the termination of the tenancy, places the full amount of the tenant's security deposit in the mail with the tenant's proper address on the envelope.

We agree with the appellees that where the landlord, within thirty days of the termination of the tenancy, places the full amount of the security deposit in the mail properly addressed to the tenant, the landlord has complied with the provisions of R.C. 5321.16(B) requiring delivery of the security deposit to the tenant. We point out that the use of the United States Postal Service for delivery is implied in the statute in that the tenant is required to advise the landlord in writing of a forwarding address. Therefore, if appellees placed appellant's security deposit in the mail within thirty days of the termination of her tenancy, they were in compliance with R.C. 5321.16(B).

Appellant further argues that a genuine issue of material fact exists as to whether appellees' agent placed the security deposit in the mail within thirty days of the termination of appellant's tenancy. We agree. Appellees' agent, J. R. Steelman, stated in his affidavit that he mailed the check on June 30, 1984. Thomas Houser stated in his deposition that if the security deposit had been mailed on June 30, 1984, the envelope would have been postmarked either June 30, 1984 or July 2, 1984. Further Houser stated that an envelope postmarked July 3, 1984 would have been mailed at some time later than 1:00 p.m. on July 2, 1984. Certainly these conflicting affidavits raise a genuine issue of material fact as to whether appellees' agent mailed appellant's security deposit within thirty days of the termination of her tenancy on May 31, 1984.

Because the affidavits present a genuine issue of material fact, the trial court erred in granting appellees' motion for summary judgment. The portion of appellant's assignment of error alleging the trial court erred in denying appellant's motion for summary judgment is overruled. The portion of appellant's assignment of error alleging the trial court erred in granting appellees' motion for summary judgment is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., BLACK and HILDEBRANDT, JJ., concur.